IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC H.,[1] ) <br> ) <br>      **Plaintiff,** ) <br> ) <br>   v. ) <br> ) <br> ANDREW SAUL, Commissioner of ) <br> Social Security, ) <br> ) <br>      **Defendant.** ) <br> ) | No. 18 C 6382 <br><br> Magistrate Judge <br> Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

    This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Eric H.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision is granted in part and denied in part, and the Commissioner's motion for summary judgment [Doc. No. 24] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

On December 29, 2014, Plaintiff filed a claim for DIB, alleging disability since May 1, 2010 due to high blood pressure, arthritis of the shoulder and right hand, spondylosis lumbosacral spine, sleep apnea with bronchitis, degenerative arthritis of the right knee, plantar fasciitis, sinusitis, and neck spasms. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 26, 2017. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A Vocational Expert ("VE") expert testified telephonically.

On September 20, 2017, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 1, 2010. At step two, the ALJ concluded that Plaintiff had the following severe impairments:

degenerative disc disease, right knee degenerative joint disease, and osteoarthritis of the bilateral shoulders. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: frequent climbing of ramps and stairs; occasional climbing of ladders, ropes, or scaffolds; occasional stooping and crouching; and frequent kneeling and crawling.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a firefighter. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments

enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d

at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

5

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) he failed to evaluate Plaintiff's Department of Veterans' Affairs ("VA") disability rating; (2) the RFC assessment was legally insufficient; and (3) he did not adequately analyze Plaintiff's subjective symptoms.

In forming Plaintiff's RFC, the ALJ did not give substantial weight to any of the medical opinions in the case. Consultative examiner Dr. Julia Kogan saw Plaintiff in May 2015. She found that he could ambulate fifty feet independently, he had no paraspinal muscle spasm or muscle atrophy, and straight leg raising was negative bilaterally. Plaintiff had full range of motion in both the upper and lower extremities, and Dr. Kogan identified no redness, warmth, or joint effusion. Plaintiff experienced no difficulty with activities such as getting on/off the table, tandem walking, standing from a chair, or squatting and rising. She concluded that Plaintiff had a full range of motion in his lower back, with no limitation in ambulation or activity, and he had full flexion in his right knee. The ALJ gave this opinion partial weight because contrary to her conclusions, the ALJ believed the medical imaging evidence showed Plaintiff had some lifting and postural limitations. Specifically, the ALJ identified imaging showing that Plaintiff had a large herniated disc at the C5-6 level causing central canal stenosis and stable central disc herniation at the C6-7 level, as well as mild degenerative spurring of L4 and mild degenerative arthritis of both shoulders and the right knee.

6

The ALJ also disagreed with the non-examining medical consultants, who concluded that Plaintiff could perform work at the medium level, but limited to only frequently stooping and crouching. Again, the ALJ determined that the medical imaging demonstrated that Plaintiff had lifting limitations that would prevent him from meeting the requirements of sustained work at the medium exertional level.

The ALJ's light level RFC was also informed by his analysis of Plaintiff's activities of daily living, which he believed undermined Plaintiff's allegations of disabling symptoms. Plaintiff was able to manage his own personal care needs, and he reported he took care of household chores, such as vacuuming, laundry, preparing simple meals, shopping, and driving. He also stated that he enjoyed playing pool, bowling, and having barbeques every other weekend. The ALJ, however, did not credit the disability determination made by the VA, which found him up to 90 percent disabled and eligible for disability payments, because that decision is not binding on the Commissioner.

The Court concludes that the ALJ's RFC determination was not supported by substantial evidence. He acknowledged that the objective medical evidence was contrary to the various consultants' conclusions that Plaintiff had zero functional limitations, or that he could work at the medium exertional level with slight additional postural limitations, but he erred by offering no medical opinion that would support a finding that Plaintiff could work at the light level. *See Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014), *as amended on denial of reh'g*, (Oct. 24, 2014) ("ALJs are required to rely on expert opinions instead of determining the

significance of particular medical findings themselves."); *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) ("[A]n ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record.").

Furthermore, while the ALJ was correct that the VA's disability determination was not binding on the Commissioner, and the two agencies employ different standards, he should have explained why he gave that determination no weight whatsoever. *See Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015) (finding the different criteria for determining disability to be "very small"); *Eula M. v. Berryhill*, No. 17 C 6669, 2019 WL 2173790, at *9 (N.D. Ill. May 20, 2019) (explaining that despite the distinctions in the agencies' guidelines, a VA disability finding should be given some weight and needs to be considered by a Social Security ALJ).

Finally, on remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim. "The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012). Although the ALJ corrected recited some of the household activities Plaintiff does, he did not explain how that equates to the ability to perform at a

8

level necessary for competitive employment. Moreover, the record reflects that Plaintiff does have difficulty doing household chores. He told a VA physician in March 2015 that he does better if he cleans in parts, slowly, with less vacuuming at a time; that pain limits him from doing anything for a long period of time; and that he cannot mow his lawn because it has a small hill. (R. 1607.) Thus, the ALJ has failed to offer substantial evidence that Plaintiff's activities of daily living equate to the ability to sustain full-time employment at the light activity level. *See Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) ("[Plaintiff's] ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 24] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**            **ENTERED:**

**DATE:**    **June 11, 2020**           _____
                                                          **HON. MARIA VALDEZ**
                                                          **United States Magistrate Judge**